**ORIGINAL**



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHYLLIS MCPARLAND and JAMES PICKING, *et al.* | : : : | |
| Plaintiffs, | : : | No. 1:CV-00-549 |
| v. | : : | Judge Yvette Kane |
| KEYSTONE HEALTH PLAN CENTRAL, INC. | : : : | |
| Defendant. | : | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' SUPPLEMENTAL DOCUMENTATION
IN SUPPORT OF THE BILL OF ATTORNEYS' FEES AND COSTS**

**A. Plaintiffs' documentation still does not show that other firms bringing class actions in the Middle District of Pennsylvania are compensated at rates similar to those plaintiffs seek in this case.**

On January 30, 2002, this Court entered an order in response to plaintiffs' Bill of Attorneys' Fees and Costs (the "Order"). The Order reduced the number of hours and directed plaintiffs to submit additional documentation with respect to the reasonableness of the hourly rates charged and the other expenditures claimed.

HA-117331 v1 0603600-901

Plaintiffs submitted their Supplemental Documentation in Support of Plaintiffs' Bill of Attorneys' Fees and Cost (the "Supplemental Documentation") on February 28, 2002, and the Defendant now files this timely response.

In its Order, the Court directed plaintiffs to provide support that "other firms bringing class action suits in this District are <u>compensated</u> at similar rates" to those the plaintiffs seek. Order, at 5 (emphasis added). At most, the affidavits plaintiffs offer show only that the affiants <u>charge</u> the same rates wherever they litigate and that <u>other</u> courts have approved those rates. The affiants do not state that this Court or any other state court within the Middle District has ever approved those rates or that they were otherwise <u>paid</u> those rates for work performed in the Middle District. Indeed, such statements are noticeably absent from the affidavits.

Accordingly, the Defendant renews its objection to plaintiffs' rates because they have not established that those rates are reasonable in the Middle District of Pennsylvania. The rates should be reduced to conform to the reasonable rates as set forth in Keystone's Opposition to Plaintiffs' Bill of Attorneys' Fees and Costs, § II.A.3, at 5.

**B. Plaintiffs' documentation still does not provide justification for the LEXIS charges.**

The Court previously declined to accept plaintiffs' list of costs because they were not specific enough to allow the Court to make a determination of the reasonableness of the costs incurred. *See* Order, at 5. The Court ordered plaintiffs

2

to provide a more detailed itemization and a reasonable basis justifying the expenditures in this case. *Id.*

Keystone does not believe that with respect to the LEXIS charges for which plaintiffs seek payment that plaintiffs have complied with the Court's order. Although plaintiffs have identified the date on which the LEXIS fees were incurred, they have not provided <u>any</u> documentation that indicates LEXIS charged them those amounts. They indicate only that those amounts represent a "value" associated with the LEXIS usage. *See* Plaintiffs' Supplemental Documentation, Ex. D. As Keystone originally noted in its Opposition to Plaintiffs' Bill of Attorneys' Fees and Costs, LEXIS bills some firms on a flat, monthly basis so that regardless of the amount of time used, the same fee is due. *See* Keystone's Opposition to Plaintiffs' Bill of Attorneys' Fees and Costs, at 9 & Strouss Aff. at ¶ 12. Accordingly, a "value" may not reflect the actual charge, but some internally-determined amount of "charge back" to a client. Keystone should only be required to pay the actual charge attributable to the use of LEXIS. Plaintiffs have provided the Court with no documentation of such.

3

For the foregoing reasons, Defendant requests that this Court reject or reduce plaintiffs' request for fees and costs in light of the above because they have not established that they are reasonable under the governing standards.

Respectfully submitted,

March 13, 2002

240 North Third Street
Harrisburg, PA  17101
(717) 231-4500

*Patricia C. Shea*
Carleton O. Strouss
Pa. Supreme Ct. ID No. 25994
Patricia C. Shea
Pa. Supreme Ct. ID No. 77392
KIRKPATRICK & LOCKHART LLP
Attorneys for Defendant,
Keystone Health Plan Central, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2002, I served a true and correct copy of Defendant's Response in Opposition to Plaintiffs' Supplemental Documentation in Support of the Bill of Attorneys' Fees and Costs by first class mail, postage prepaid, addressed as follows:

>Michael D. Gottsch, Esquire
>Pamela Zetterberg, Esquire
>CHIMICLES & TIKELLIS
>361 West Lancaster Avenue
>One Haverford Centre
>Haverford, PA  19041
>
>Lewis H. Markowitz, Esquire
>606 Argent Way
>Bluffton, SC  29910

*Patricia C. Shea*
Patricia C. Shea

HA-117331 v1 0603600-901