Case 1:00-cv-00549-YK    Document 40    Filed 07/03/2002    Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PHYLLIS MCPARLAND and**<br>**JAMES PICKING** *et al.*, | : | CIVIL ACTION NO. 1:CV-00-549 |
| Plaintiffs | : | |
| v. | : | (Judge Kane) |
| **KEYSTONE HEALTH PLAN**<br>**CENTRAL, INC.**, | : | |
| Defendant | : | |

FILED
HARRISBURG

JUL - 3 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## MEMORANDUM AND ORDER

After granting Plaintiffs' Motion for Remand and Attorneys Fees and Costs, the Court ordered additional briefing on the issue of attorneys' fees and costs. The Court determined that attorneys' fees will be allowed for Plaintiffs for 118.75 hours of work performed by a partner, 160.75[1] hours of work performed by an associate and 9 hours of work performed by a legal assistant. The Court, however, did not have sufficient information to determine whether Plaintiffs' counsel was seeking reasonable rates, normally determined "according to the prevailing market rates in the relevant community." Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court ordered additional briefing.

Plaintiffs' counsel filed a supplemental brief, acknowledging that there have not been many reported class action suits in this District. None of the reported opinions in these cases discuss an award of attorneys fees. See, e.g., Reilly v. Gould, Inc., 965 F. Supp. 588 (M.D. Pa. 1997); In re TMI Litig., 927 F. Supp. 834 (M.D. Pa. 1996); Yi v. Reno, 852 F. Supp. 316 (M.D.

---

[1] Due to a mathematical error, the Court misstated the number of associate hours it was awarding as 169.75. Upon recalculation, the Court notes that associates worked a total of 180.75 hours. Therefore, after discounting 20 of those hours, the Court is awarding fees for 160.75 associate hours.

Pa. 1994); In re Anthracite Coal Antitrust Litig., 87 F.R.D. 555 (M.D. Pa. 1980). In the absence of awards of attorneys fees in class action litigation in this District, Plaintiffs' counsel instead attaches substantial evidence of the fees charged by the firms who have and do litigate class action suits in the Middle District. Lawyers from these firms, from Philadelphia, the District of Columbia, and Lancaster, Pennsylvania, all attest that they charge the same rates no matter where they are litigating. This may be, but the Third Circuit has explicitly directed that courts should look to the prevailing rates in the *relevant community*. Rode, 892 F.2d at 1183. Here, that relevant community is the Middle District of Pennsylvania. However, noting that neither this Court nor Plaintiffs' counsel knows of any firm in the Middle District of Pennsylvania that specializes in class action litigation, the Court finds it relevant to consider the prevailing rates in neighboring communities.

The firms that have litigated in the Middle District of Pennsylvania charge $375-$410 per hour for the work of a partner. More senior partners bill up to $520 per hour. A partner at Rhoda & Nast, a Lancaster firm, charges $375 per hour. Mid-level associates litigating in this District bill between $190 and $265 per hour. Junior associates bill around $190 per hour. Based on the range of fees presented to the Court and supported by ample documentation, the Court finds that the $340 per hour charged by Michael Gottsch, a 1983 law school graduate and partner in the firm, is reasonable compensation for his time, as is the $405 billed by Denise Schwartzman, a 1969 law school graduate. The Court further finds that Pamela Zetterberg, a 1996 graduate, reasonably seeks compensation at an hourly rate of $200, and Kimberly Donaldson reasonably seeks compensation at an hourly rate of $180.

In awarding these rates, the Court notes that they are all on the low end of ranges for firms doing this kind of work. Further, the Court considered the affidavit presented by defense

2

counsel, as well as the incomplete list of hourly billing rates for the year 2000 published in the Central Pennsylvania Business Journal. This list indicates that partners in those firms reporting their rates bill from $105-$325 per hour, and associates bill $57-$200 per hour. While the rates billed, and awarded, to Plaintiffs' counsel are slightly higher than the published rates, the Court finds the rates to be reasonable in light of counsel's particularized expertise in class action litigation, and the high quality work done on the briefs and at hearing on the successful motions to remand in this case.

In its previous order, the Court discounted the number of hours billed to take into account duplicative work that was done on the briefing. The Court will therefore award attorneys fees as follows:

| Name | Hours | Rate | Total |
| --- | --- | --- | --- |
| Michael Gottsch, Partner | 92.25 | $340 | $31,365 |
| Denise Davis Schwartzman, Of Counsel | 26.50 | $405 | $10,732.50 |
| Pamela N. Zetterberg, Associate | 93.25 | $200 | $18,650 |
| Kimberly M. Donaldson, Associate | 67.5 | $180 | $12,150 |
| William Y. Weisel, Legal Assistant | 9 | $100 | $900 |

Therefore, the total amount awarded to Plaintiffs in legal fees is $73,797.50.

Next, the Court considers the costs sought by Plaintiffs. This Court required Plaintiffs to submit an itemized accounting of the costs for which they sought reimbursement. The Third Circuit requires parties seeking costs to provide a detailed itemization, including dates and a

reasonable basis justifying the expenditures in this case. See <u>Loughner v. University of Pittsburgh</u>, 260 F.3d 173, 181 (3d Cir. 2001). Plaintiffs have done so to the Court's satisfaction. Therefore, the Court will award Plaintiffs costs in the amount of $6,010.10.

**AND NOW**, therefore, **IT IS ORDERED THAT** Defendants pay to Plaintiffs' counsel fees in the amount of $73,797.50 and costs in the amount of $6,010.10.

_____
Yvette Kane
United States District Judge

Dated: July 3, 2002.